**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES LECROY,**
individually,

    Plaintiff,                              CASE NO.: 6:19-cv-02125

vs.

**JPMORGAN CHASE & CO.,**
a Delaware corporation,

    Defendant,
_____/

## CASE MANAGEMENT REPORT

The parties have agreed[1] on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | February 3, 2020 |
| **Certificate of Interested Persons** and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | January 3, 2020 |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | February 28, 2020 |
| **Disclosure of Expert Reports**     Plaintiff:<br>                                              Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | May 1, 2020<br>June 1, 2020 |

---

**1** Consistent with Fed.R.Civ.P (4)(d), JP Morgan Chase & Co's response to the complaint is not due until January 17, 2020. By participating in the case management report process, JP Morgan Chase & Co does not waive its right to seek to compel FINRA arbitration under 9 USC §4. If JP Morgan Chase & Co moves to compel arbitration, all discovery and initial disclosures should be stayed in accordance with 9 USC §3 pending disposition of any motion to compel arbitration.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | July 31, 2020 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court recommends no less than 5 months before trial] | September 4, 2020 |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to:  chambers_FLMD_Byron@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form) Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | October 16, 2020 |
| **All Other Motions** Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | October 16, 2020 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | |
| **Trial Term Begins**   [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived. | January 2021 |
| **Estimated Length of Trial**   [trial days] | 1-2 |
| **Jury / Non-Jury** | Non-Jury |
| **Mediation**                                   Deadline:<br>                                                           Mediator:<br>                                                           Address:<br><br>                                                           Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | August 31, 2020<br>Michael A. Tessitore<br>111 North Orange Ave., Suite 900<br>Orlando, FL 32801<br>(407) 841-4141 |
| All Parties **Consent to Proceed Before Magistrate Judge** | Yes____ No _X_<br><br>Likely to Agree in Future _____ |

**I.      Preparation of the Case Management Report**

The parties may communicate with each other electronically or by telephone as long as they can agree on all significant aspects of this Report. Otherwise, lead counsel must meet in person for the purpose of preparing and filing the Report. Unless the parties agree to meet elsewhere, the meeting must be held in the Orlando Division of the Middle District of Florida. The parties must complete the certification shown below:

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[2] a meeting was held in person **OR** (telephonically) (circle one) on <u>December 23, 2019</u> (date) at <u>10:00 a.m.</u> (time) and on <u>January 2, 2020</u> at <u>11:15 a.m.</u> (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Charles M. Greene | Plaintiff |
| Peter W. Homer | Defendant |

**II.     Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged <u>x</u> agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by <u>February 3, 2020</u> (date).

Below is a description of information disclosed or scheduled for disclosure.

---

[2]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

- **Emails and documents related to the agreement to indemnify**
- **Documents from the SEC enforcement action against Plaintiff**
- **Documents to be used as a defense to the indemnification obligation**

## III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__X__   no party anticipates the disclosure or discovery of ESI in this case;

_____   one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A.  The form or forms in which ESI should be produced.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably

---

[3] See Generally:  *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502,   If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient. The parties should attempt to agree on protocols that minimize the risk of waiver.   Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

___ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.   Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.   Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper - including emergency motion - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:                      __x__ Yes

\_\_\_\_    No

Amended Certificate will be filed by _____ (party) on or before _____ date).

 **B.** **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).   The parties further agree as follows:

 **C.** **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery. The Court will consider the parties - agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

  1. Depositions

  2. Interrogatories

  3. Document Requests

        4.        Requests to Admit

        5.        Supplementation of Discovery

**D.**    **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**E.**    **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony**:**

**F.**    **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960

F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."   There is no need for the Court to endorse the confidentiality agreement.   The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that Ano party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.@   With respect to confidentiality agreements, the parties agree as follows:

    **G.**    **Other Matters Regarding Discovery**

**VI.**    **Settlement and Alternative Dispute Resolution.**

    **A.**    **Settlement**

The parties agree that settlement is   \_\_\_\_\_   likely  __X__   unlikely

(check one)

The parties request a settlement conference before a United States Magistrate Judge.  \_\_\_\_\_  yes  __X__  no \_\_\_\_\_  likely to request in future

B.  **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

\_\_\_\_\_          Yes     _X_   no     \_\_\_\_\_          likely to agree in future

\_\_\_\_\_          Binding                  \_\_\_\_\_          Non-Binding

C.  **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator <u>from the Court's approved list of mediators</u> as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of <u>Court approved mediators</u> is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov

D.  **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

JP Morgan Chase & Co is considering whether this matter should be compelled to FINRA arbitration.

Date: January 2, 2020.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

<table>
<tr><td>

/s/Charles M. Greene
Charles M. Greene
Florida Bar No.:   938963
Allison G. Edwards
Florida Bar No. 159311
**CHARLES M. GREENE, P.A.**
55 East Pine Street
Orlando, Florida 32801
Telephone: (407) 648-1700
Facsimile: (407) 648-0071
cmg@cmgpa.com

*Counsel for Plaintiff*

</td><td>

/s/Peter W. Homer
Peter W. Homer
Florida Bar No.:
**HOMER BONNER JACOBS**
1200 Four Seasons Tower
1441 Brickell Avenue,
Miami, Florida 33131
Telephone: (305) 350-5139
Facsimile: (305) 982-0063
phomer@homerbonner.com

*Counsel for Defendant*

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 2, 2020, the foregoing document was electronically filed with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all counsel record.

/s/Charles M. Greene
Charles M. Greene