UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES LECROY,
individually,

    Plaintiff,                                  CASE NO.: 6:19-cv-02125

vs.

JPMORGAN CHASE & CO.,
a Delaware corporation,

    Defendant,
_____/

## PLAINTIFF'S *UNOPPOSED* MOTION FOR STAY OR, ALTERNATIVELY, EXTENSION OF TIME, WITH SUPPORTING MEMORANDUM

Plaintiff, CHARLES LECROY, by undersigned counsel, hereby moves the Court to stay this case for a period of ninety (90) days or, alternatively, extend the time-period in which Defendant is required to respond to the complaint for a period of ninety (90 days) so as to allow the parties to continue to explore an out-of-court resolution of this entire matter, including Plaintiff's negotiations with third-parties who have an interest herein. This relief is necessary because the undersigned has had medical issues which have taken up a lot of his time over the past month. There are also unusual logistical issues arising from efforts to reach agreements with third-parties whose agreement is required to pave the way for an overall resolution of this case.

The grounds supporting this motion are set forth in the memorandum which follows.

The undersigned is engaged in ongoing communications with Peter Homer, counsel for Defendant, and is authorized to certify pursuant to Local Rule 3.01(g) that Defendant joins in the request for the relief sought herein.

**MEMORANDUM**

This is an action in which Plaintiff seeks indemnification from Defendant, his former employer, with respect to a judgment and other obligations for which Plaintiff may be liable.

On January 16, 2010, Defendant filed a motion for an extension of time (ECF 12) to respond to the complaint. That motion was granted by an Order entered on or about the same date (ECF 13). In its January 16th Order, the Court extended the time-period in which Defendant is required to respond to the Complaint through February 17, 2020[1]. The parties now seek to temporarily stay this case, or, alternatively, to further enlarge the time-period for Defendant's response to the Complaint, so they can continue efforts to achieve a non-judicial resolution of this matter.

The parties are continuing to explore the possible resolution of this matter. Plaintiff has determined to first attempt to negotiate with one or more third-parties the amount of the debts for which Plaintiff seeks indemnification from Defendant. One of those parties is the United States Securities and Exchange Commission ("SEC"), which has a civil judgment against Plaintiff. Discussions with the SEC were hampered by the fact that the SEC counsel previously assigned to this matter has apparently left the SEC.

---

[1] February 17, 2020 actually falls on a "legal holiday" as defined under Fed. R. Civ. P. 6(a)(6)(B), making the response due February 18, 2020.

Consequently, the undersigned had difficulty identifying the appropriate SEC representative with whom to speak.

In addition, during the last month, the undersigned had unexpected surgery on a semi-emergency basis. The undersigned also had unexpected post-surgery complications which, though hopefully resolved, may require further follow up. Unfortunately, the medical needs of the undersigned took away time he had planned to devote to this matter.

Although there are certainly no guarantees, the parties are optimistic that they may be able to resolve this matter if they can obtain more time to continue and complete their discussions and for Plaintiff to complete negotiations with non-party SEC.. While both sides believe firmly in their positions, there are practical financial considerations that make them both interested in exploring manners and means in which they might settle this matter now, at the early stages of this lawsuit before substantial legal fees are incurred.

In that regard, Defendant has advised that if and when Defendant responds to the Complaint, it anticipates seeking to compel arbitration before FINRA or, alternatively, moving to dismiss the Complaint on a wide variety of bases. Plaintiff will vigorously oppose those requests for relief. Both sides would expend significant time and resources briefing the arbitration and dismissal-based issues. Assuming no settlement is reached, the Court would then be called upon to decide those issues.

As a result of repeated, professional discussions, counsel for both parties concluded that they should seriously explore settlement now, before their respective clients become too entrenched in their positions and/or expend resources that may be exhausted and no longer available for possible settlement. An Order allowing them

additional time is in the best interests of the parties because it could avoid the possible waste of their respective resources and is also in the best interests of the Court because it will aid judicial economy.

Due to the timing of certain SEC collection efforts and a pending statute of limitations issue perceived by the undersigned, the parties did not have time to engage in pre-suit discussions that they otherwise might.  A brief stay will enable the parties to continue those discussions.  A ninety (90) day stay or similar extension of time should be ample for the parties to negotiate with each other and for Plaintiff to also negotiate with non-parties affected by this matter.

This motion is not designed for intentional delay or any other wrongful purpose. In fact, the efforts of the parties to explore and exhaust ways to resolve this case now, while still in its infancy, is the sort of effort that should be encouraged.

Thus, Plaintiff respectfully requests that the Court enter an Order which stays these proceedings.  The Order staying this matter should direct counsel for Plaintiff to file, within ninety (90) days from the date the Order is entered, a motion which either seeks to reopen these proceedings or which requests dismissal of the case.  If Plaintiff should seek to reopen this case within said 90-day period, then Defendant's response to the Complaint would be due within fifteen (15) days of the date the motion to reopen is granted.  Failure of Plaintiff to file any motion within the ninety (90) day stay-period would result in automatic dismissal of the case with prejudice.  Alternatively, it is respectfully requested that the Court extend the deadline for Defendant to respond to the Complaint for ninety (90) days.

/s/Charles M. Greene
Charles M. Greene
Florida Bar No.: 938963
Allison G. Edwards
Florida Bar No. 159311
**CHARLES M. GREENE, P.A.**
55 East Pine Street
Orlando, Florida 32801
Telephone: (407) 648-1700
Facsimile: (407) 648-0071
E-mail: cmg@cmgpa.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 14, 2020, the foregoing document was electronically filed with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all counsel record.

/s/Charles M. Greene
Charles M. Greene
